
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| WYNNIE TANDIONO, | No. 08-71862 |
| Petitioner, | Agency No. A099-079-923 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General of the United States | |
| Respondent. | |

On Petition for Review of an Order of
the Board of Immigration Appeals

Argued and Submitted July 19, 2012
San Francisco, California

Before: PAEZ and BYBEE, Circuit Judges, and VANCE, Chief District Judge.**

Wynnie Tandiono, a native and citizen of Indonesia, seeks review of the

order of the Board of Immigration Appeals ("BIA") that vacated the immigration

---

*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**    The Honorable Sarah S. Vance, Chief District Judge for the United States District Court for the Eastern District of Louisiana, sitting by designation.

judge's grant of asylum and denied withholding of removal and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

First, Tandiono argues that she suffered past persecution in Indonesia. Tandiono did not appeal the immigration judge's adverse finding on this issue to the BIA, and the BIA did not address the question. Accordingly, Tandiono failed to exhaust this claim, and this Court lacks jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Second, we find that substantial evidence supports the BIA's finding that Tandiono's fear of future persecution is not objectively reasonable. The BIA did not err in finding that Tandiono failed to establish a pattern or practice of persecution against Chinese Christians in Indonesia, as the record does not compel a conclusion "that the Indonesian government is unable or unwilling to control the perpetrators of [the] violence" against Chinese Christians. *Lolong v. Gonzales*, 484 F.3d 1173, 1180 (9th Cir. 2007) (en banc). Further, we have jurisdiction to consider Tandiono's claim that she faces an individualized risk of persecution if she returns to Indonesia, because the BIA addressed this issue even though Tandiono did not raise it on appeal to the BIA. *See Kin v. Holder*, 595 F.3d 1050,

1055 (9th Cir. 2010); *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). In this regard, even under a disfavored group analysis, the petitioner did not show sufficient individualized risk to establish a well-founded fear of future persecution. *See Halim v. Holder*, 590 F.3d 971, 977-79 (9th Cir. 2009) (showing of individualized risk insufficient when petitioner failed to offer evidence to distinguish his risk of harm from that of other ethnic Chinese Indonesians); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004).

Finally, the petitioner abandoned her CAT claim because she did not support her claim with argument. *Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**